CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH BOWLER, | ) | Civil Action No. 7:10-cv-00460 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPT. OF CORR. AND OFFICES, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Joseph Bowler, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See Bowler v. Braxton, 88 F. App'x 612, 612 (4th Cir. Feb. 23 2004) (unpublished) (finding plaintiff to be a "three-striker" for purposes of the Prison Litigation Reform Act).

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the Court of Appeals for the Fourth Circuit previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. See id. After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g) because he complains of stolen property and past allegations of abuse, some of which occurred at a different correctional facility than where he is currently housed. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (stating the three-striker exception focuses on the risk that the conduct complained of threatens continuing or future injury and not whether the inmate deserves a remedy for past misconduct).

Based on the foregoing and the complaint, the court finds that plaintiff has failed to demonstrate any imminent danger of serious physical harm in the complaint and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. See 28 U.S.C. §§ 1914(a), 1915(g). Accordingly, the court dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 19th day of October, 2010.

James C. Turk
Senior United States District Judge